IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **FACTORY MUTUAL** ) | |
| **INSURANCE CO., et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 3:04CV834 |
| ) | |
| **DLR CONTRACTING, INC., et al.,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on the Plaintiffs' motion to reconsider the court's decision to bifurcate the trial proceedings. (Mem. Law in Supp. Pls.' Mot. Recon. Court's Decision Sever Claims Against Third-Party Defs. (Pls.' Mem.) (docket entry no. 106)). The Plaintiffs seek a single trial with all nine parties and the multiple claims, cross-claims, counterclaims, third-party claims, third-party cross-claims, and third-party counterclaims "because such a bifurcation prejudices Plaintiffs, wastes judicial resources and may result in inconsistent findings of fact." (Pls.' Mem. at 4). The court is able to resolve the motion on its face and therefore it does not need the benefit of any responses by non-movants or oral argument that had been scheduled by the Plaintiffs on the date of the Final Pretrial Conference for the initial trial proceedings from which third-party counsel have already been excused.

Distilled to its essence, Plaintiffs' argument is that all the evidence of potential third-party negligence will be a matter of defense of one or more of the primary defendants in a first trial anyway; that the Plaintiffs would be prejudiced by bifurcation because they would not be able to

"get a final determination of which party is responsible for the roof collapse"; and that if Dominion prevails, the Plaintiffs would "be compelled to file subsequent litigation against Ehlert/Bryan and Raphael, presenting the same issues and much of the same evidence in a largely repetitive trial before the Court" that could result in inconsistent findings of fact, i.e., Dominion prevails in the initial trial on a defense that any negligence was that of Ehlert/Bryan, Raphael, and/or AlexCom and they, in turn, persuade a second jury of the opposite. Id. at 4-5.

Fed. R. Civ. P. 14 provides an important mechanism to aid in the speedy, just and efficient determination of matters before the court by allowing joinder of third-parties. However, in this case, the court chose to bifurcate the issues in this case under Fed. R. Civ. P. 42(b), which provides that the court "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, or third-party claims, or issues . . . ."

While it is correct that evidence concerning possible third-party negligence will undoubtedly be introduced in the first trial, it will at least be introduced without the examination and argument of multiple third-party counsel and the necessity for additional jury instructions and findings, a circumstance which in and of itself will expedite the proceedings and diminish jury confusion. In addition, it is likely that such evidence will be presented in a more concise format, especially where the court intends to preclude cumulative impact. Furthermore, the Plaintiffs have sued only DLR, Dominion, and Robern – none of the third-party defendants. As such, they could not achieve any "final determination" of liability in the context of the primary claims in any event and a second trial will only occur *if* Dominion or DLR (which has also

asserted a third-party claim against AlexCom) are held liable in the first trial because the third-party actions seek indemnification and/or contribution for any liability of Dominion or DLR as *may* be initially determined.

    While the court has determined that the separation of trials will reduce the risk of jury confusion, be more convenient, serve judicial economy, and allow for bifurcation of clearly separable issues, the Plaintiffs nonetheless claim that they are prejudiced. The Plaintiffs have chosen to sue only three parties, DLR, Dominion, and Robern. While DLR and Dominion have exercised their rights under the Federal Rules of Civil Procedure to join others to whom liability may be attributed, Plaintiffs have demonstrated no legal prejudice from being deprived of a claim or defense because they have not joined any additional parties from whom they could obtain relief.

    For all these reasons, the court exercises its discretion in bifurcating the trial proceedings to avoid unnecessary jury confusion. *See* Shockley v. Hoechst Celanese Corp., 132 F.R.D. 429, 432 (D.S.C. 1990).

    An appropriate Order shall issue.

                                      _____/s/_____
                                      Dennis W. Dohnal
                                      United States Magistrate Judge

Dated: October 20, 2005